UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY B. WILKS,

    Plaintiff,

v.                                                            Case No. 15-CV-254

LT. RYMARKIEWICZ, et al.,

    Defendants.

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ORDER DENYING HIS MOTION TO BOTH CEASE PAYMENT COLLECTION AND PERMIT PAYMENT REIMBURSEMENT OF HIS APPEAL FEES (DOC. 45)

In an Order entered December 13, 2016, the court denied plaintiff's motion to cease collection of appeal fee and reimburse appeal fee amounts already paid. Plaintiff now asks the court to reconsider its decision. He makes several creative arguments that stretch the bounds of the Federal Rules of Appellate Procedure.

First, plaintiff suggests that his prison trust account is a surety and that Federal Rule of Appellate Procedure 8(b) applies regarding proceedings against a surety. He is incorrect as a prison trust account statement is not a surety.

Second, plaintiff submits that he does not need to file a bill of costs because the appellate filing fee is a fixed cost and is identified in Federal Rule of Appellate Procedure 39(e)(4) as a cost on appeal that is taxable in the district court. While the appeal fees are a fixed cost that is taxable, a bill of costs must be filed.

Finally, plaintiff asserts that the district court should grant his motion "notwithstanding the non-submission of a bill of costs to the circuit court clerk." (Doc. 45 at 3.). However, in the case he cites, the court denied a plaintiff's motion to stay the

collection of costs that were assessed against him because the district court granted the defendants' motion for summary judgment. *See Wise v. Beth*, No. 07-CV-1150, 2009 WL 3757010, 2009 U.S. Dist. LEXIS 111111 (E.D. Wis. Nov. 6, 2009). The *Wise* case does not stand for the proposition that the court can make exceptions to the rules regarding bills of costs.

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007)). Plaintiff has shown no error of law, and he has not presented newly discovered evidence. Therefore,

IT IS ORDERED that plaintiff's motion to reconsider order denying his motion to both cease payment collection and permit payment reimbursement of his appeal fees (Doc. 45) is denied.

Dated at Milwaukee, Wisconsin, this 17th day of January, 2017.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U.S. District Judge