UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY B. WILKS,

        Plaintiff,

        v.                                     Case No. 15-CV-0254

LT. RYMARKIEWICZ, et al.,

        Defendants.

---

DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DOC. 48), DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (DOC. 48), DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DOC. 48), DENYING PLAINTIFF'S MOTION FOR JUDGMENT (DOC. 48), AND DENYING PLAINTIFF'S MOTION FOR RECUSAL (DOC. 48)

On January 24, 2017, plaintiff Timothy B. Wilks filed a motion asking for (1) leave to file amended and supplemental complaints, (2) a temporary restraining order, (3) a preliminary injunction, and (4) declaratory judgment. Days later, on February 3, 2017, he filed a motion for recusal in this case and two other pending cases.

In his motion for recusal, plaintiff contends that a delay by this court in issuing decisions in his cases is delaying his pursuit of evidence of actual innocence in his criminal case. In the last year, five orders were promptly entered in this closed case. Regardless, plaintiff's claims relate exclusively to judicial actions in his pending cases. "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994).

After a final judgment, a plaintiff may amend his complaint only after successfully moving to vacate or set aside a judgment under Federal Rule of Civil Procedure 59(e) or

60(b), see *Foster v. DeLuca*, 545 F.3d 582, 583 (7th Cir. 2008); *Dubicz v. Commenwealth Edison Co.*, 377 F.3d 787, 790 (7th Cir. 2004). Here, plaintiff has failed to present any of the grounds that allow the court to grant him relief from judgment under Federal Rule of Civil Procedure 60(b).

Plaintiff claims that he now realizes he did not lose any good time credits and thus wants the court to consider a supplemental complaint that contains facts that differ from those set forth his original complaint. The only explanation he provides for the request is his desire to avoid paying another filing fee. Nothing in the Federal Rules of Civil Procedure or the Prison Litigation Reform Act allows a plaintiff to avoid a new filing fee by reopening a closed case. Nor was this contemplated by the Seventh Circuit, which instructed plaintiff to file a new suit (and to pay a new filing fee) if he wanted to pursue additional claims. (Doc. 41 at 4). A dismissal without prejudice means that a plaintiff may bring a new case, not that he may return to the original case. Therefore,

IT IS ORDERED that plaintiff's motion for leave to file an amended and supplemental complaint (Doc. 48) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for temporary restraining order (Doc. 48) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for a preliminary injunction (Doc. 48) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for declaratory judgment (Doc. 48) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for recusal (Doc. 51) is DENIED.

Dated at Milwaukee, Wisconsin, this 14th day of March, 2017.

BY THE COURT

s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U.S. District Judge

3